UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

MARTINA SMART                                              CIVIL ACTION

VERSUS                                                      NO.05-1506

DR. OHIKU, PHILLIPS, ET AL.                                SECTION "K" (3)

## ORDER

Before the Court is defendant Dr. Phillips' Motion To Dismiss For Failure To State A Claim On Which Relief Can Be Granted And Motion To Dismiss Pending Medical Review Panel (Rec. Doc. 18) and defendant Northshore Regional Medical Center's Motion to Dismiss Pursuant to Rule 12(b)(6)(Rec. Doc. 17).  The Court took the motions under submission.  After having read the memoranda and relevant law, the Court finds as follows.

## BACKGROUND

Plaintiff, Martina Smart, acting on behalf of her mother, Jerline Woods, are residents of Mississippi and allege they were injured due to the negligence and intentional torts of defendants, Dr. Ohiku, Dr. Phillips, and Northshore Regional Medical Center.  Plaintiff alleges defendants violated the Protection and Advocacy for Mentally Ill Individuals Act, 42 U.S.C. § 10801, et seq., and the Patients Bill of Rights Law, La. R.S. 40:2010.6.  Plaintiff brings these Five Claims against defendants:

1

> **FIRST COUNT: MEDICAL TREATMENT BELOW THE STANDARD OF CARE**.
>
> **SECOND COUNT: NEGLIGENCE**.
>
> **THIRD COUNT: BATTERY AND ASSAULT**
>
> **FOURTH COUNT: VIOLATION OF THE PROTECTION AND ADVOCACY FOR MENTALLY ILL INDIVIDUALS ACT.**
>
> **FIFTH COUNT: VIOLATION OF THE PATIENTS BILL OF RIGHTS LAW**

*See*, Rec. Doc. 3, First Amended Complaint**.**

Plaintiff filed suit on April 22, 2005 and filed their First Amended Complaint making the foregoing allegations on May 9, 2005.  Dr. Phillips moves to dismiss plaintiff's allegations based on the Protection and Advocacy for Mentally Ill Individuals Act and the Patients Bill of Rights for failure to state a claim upon which relief can be granted.  Dr. Phillips also moves to dismiss plaintiff's medical malpractice claims as premature. Northshore Regional Medical Center moves to dismiss plaintiff's suit as premature.  Plaintiff agrees to the dismissal of some of the claims herein.  The Court will analyze each individual claim separately.

## LEGAL STANDARD

When a defendant attacks the complaint because it fails to state a legally cognizable claim, Rule 12(b)(6) provides the appropriate challenge.  The test for determining the sufficiency of a complaint under Rule 12(b)(6) is that "'a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  *Id*. citing *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).  The Fifth Circuit explained:

> Subsumed within the rigorous standard of the *Conley* test is the requirement that the plaintiff's complaint be stated with enough clarity to enable a court or an opposing party to determine whether a claim is sufficiently alleged. *Elliott v. Foufas*, 867 F.2d 877, 880 (5th Cir. 1989). Further, "the plaintiff's complaint is to be construed in a light most favorable to plaintiff, and the allegations contained therein are to be taken as true." *Oppenheimer v. Prudential Securities, Inc*. 94 F.3d 189, 194 (5th Cir. 1996). This is consistent with the well-established policy that the plaintiff be given every opportunity to state a claim. *Hitt*, 561 F.2d at 608. In other words, a motion to dismiss an action for failure to state a claim"admits the facts alleged in the complaint, but challenges plaintiff's rights to relief based upon those facts." *Tel-Phonic Servs., Inc. v. TBS Int'l, Inc.*, 975 F.2d 1134, 1137 (5th cir. 1992). Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, the district court must examine the complaint to determine whether the allegations provide relief on any possible theory. *Cinel v. Connick*, 15 F.3d 1338, 1341 (5th Cir. 1994).

*Id.* at 161-62.

## ANALYSIS

*1. First Count: Medical Treatment Below the Standard of Care and Second Count: Negligence*

Defendants seek to dismiss plaintiff's medical malpractice claims because they have not been presented to a medical review panel. Plaintiff agrees that Dr. Phillips' negligence in administering Seroquel to Ms. Woods and for the doctor's failure to timely counteract the effects of Seroquel are subject to the Medical Malpractice Act. However, plaintiff argues that claims against defendants for their negligence in attempting to have Ms. Woods stand up from bed, for negligently and/or intentionally failing to advise her family of her serious condition, and for negligent supervision and assistance are not subject to the Medical Malpractice Requirements and should not be dismissed.

Malpractice is defined as "any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient, including failure to render services timely . . ." La. Rev. Stat.

40:1299.41(A)(8). Health care is broadly defined as "any act, or treatment performed or furnished, or which should have been performed or furnished, by any health care provider for, to, or on behalf of a patient during the patient's medical care, treatment, or confinement." La. Rev. Stat. 40:1299.41A(9). "Malpractice actions are based on negligence and seek to compensate victims for injuries suffered when health care providers breach the applicable standard of care." *Bauman v. Tenet Health System Hospitals, Inc*., 2000 WL 1219151 (E.D.La.). "All malpractice claims against health care providers covered by this Part . . . shall be reviewed by a medical review panel . . . ." La. Rev. Stat. § 40:1299.47(A)(1)(a). "No action against a health care provider covered by this Part, or his insurer, may be commenced in any court before the claimant's proposed complaint has been presented to a medical review panel established pursuant to this Section. La. Rev. Stat. § 50:1299.47 (B)(1)(a)(i).

    The Court views plaintiff's claims in Counts One and Two as malpractice claims, as they are based upon defendants' alleged negligence. Plaintiff labels Count One as "Medical Treatment Below the Standard of Care" and Count Two as "Negligence" in their First Amended Complaint. In ¶ 22, plaintiff specifically states "Ms. Woods' brain surgery, associated loss of function and other injuries were directly caused by defendants' **breach of the applicable standard of care** . . . In the alternative, the hematoma and related injuries were caused by the **negligence** of defendants in failing to provide adequate supervision and assistance to Ms. Woods." (emphasis added). Under the Second Count, plaintiff even states, "Defendants are liable for and their above-described conduct constitutes negligence under Louisiana law." Furthermore, plaintiff provides no legal basis for her argument that some of the negligence allegations are subject to the Medical Malpractice Act while others are not. Therefore,

plaintiff's claims in Counts One and Two are hereby dismissed without prejudice until plaintiff submits the claims before a Medical Review Panel.

*2. Third Count: Battery and Assault Claims*

The Court agrees with plaintiff that her assault and battery claims should not be dismissed. Plaintiff's Complaint alleges that Ms. Woods was dragged across the concrete, locked in "quiet room," denied food and water, and was forced to eat her own feces. Defendants do not specifically address these claims in their motions to dismiss. *See Reaux v. Our Lady of Lourdes Hospital*, 492 So.2d 233, *writ denied*, 496 So.2d 333 (La.1986)(plaintiffs' claims of assault, rape, and batttery do not make a case of medical malpractice). Furthermore, as stated by the Fifth Circuit, "[t]he district court has a general discretionary power to stay proceedings before it in the control of its docket and in the interests of justice." *McKnight v. C.H. Blanchard*, 667 F.2d 477, 479 (5th Cir.1982). Given the relatedness of the claims and parties, the Court finds that it is in the interest of judicial economy to stay the claims for assault and battery against the defendants pending a determination by the Medical Review Panel on the malpractice claims.

*3. Fourth Count: Violation of the Protection and Advocacy For Mentally Ill Individuals*

Plaintiff alleges a claim under 42 U.S.C. § 10801, also known as the Protection and Advocacy for Mentally Ill Individuals Act of 1986 ("PAMII"). Under the PAMII Act, eligible protection and advocacy systems receive certain allotments if they provide for protecting and advocating rights of those with mental illness and investigating claims of abuse and neglect of individuals with mental illness. 42 U.S.C. § 10803. The PAMII Act gives to an "eligible system" the right to pursue a legal remedy after the exhaustion of all available administrative remedies. 42 U.S.C. § 10807. The Advocacy Center is an "eligible system" appointed in

Louisiana to protect and advocate the rights of the mentally ill under the PAMII Act.  *The Advocacy Center v. Richard Stalder*, 128 F.Supp.2d 358, 365 (M.D.La.1999).   "[T]he PAMIIA contains no provision that allows an individual to sue in federal court even if she has exhausted her administrative remedies . . . [i]t does not grant a private federal remedy to individuals alleging violation of its recommendations."  *Manley v. Horsham Clinic*, 2001 WL 894230 at *9(E.D.Penn.)(J. O' Neill).   Section 10805 provides that a system shall have the authority to pursue administrative, legal, and other remedies on behalf of an individual who was an individual with mental illness.  42 U.S.C. § 10805(a)(c).  Plaintiff agrees that this claim should be dismissed, however,  without prejudice.  Plaintiff provides no legal basis for her arguments.  Because there is no right to bring this action by plaintiff herein, plaintiff's claims should be dismissed with prejudice.

*4. Fifth Count: Violation of the Patients Bill of Rights Law*

Plaintiff assert a claim against defendants under La. R.S. 40:2010.6, *et seq*., also known as Louisiana's Nursing Home Residents' Bill of Rights ("NHRBR").  Dr. Phillips argues that the statue only applies to residents of nursing homes in Louisiana, and Northshore, now defunct, was never a nursing home.   Dr. Phillips contends that plaintiff's claims should be dismissed with prejudice.  Plaintiff in their Opposition to Dr. Phillips motion requests time for discovery in order to determine whether or not Northshore Psychiatric Hospital was a nursing home.  *See* Rec. Doc. 22.  However, in plaintiff's Opposition to Northsore Regional Medical Center's Motion to Dismiss, plaintiff agrees to dismiss these claims, however, without prejudice.  See Rec. Doc. 21. In *Bishop v. Veterans Administration Hospital*, 1996 WL 741859 at *4 (E.D.La.)(J.Vance), the court concluded that the NHRBR applied only to nursing homes, and not

the V.A. Hospital.  The court concluded, "[i]t is clear that the Louisiana Legislature did not intend this provision [La. R.S. 40:2010.9] to apply in situations like the one here, but meant the provision to apply to nursing homes."  *Id*.  Finally, the court found that La. R.S. 40:2009.2 which defines "nursing homes" applied for purposes of these provisions.  *Id*. 40:2009.2 provides that "the term does not include . . .(b) A hospital, sanitarium or other institution whose principal activity or business is the care and treatment of persons suffering from tuberculosis or from mental diseases . . . (c) A hospital, sanitarium, or other medical institution whose principal activity or business is the diagnosis, care and treatment of human illness through the maintenance and operation of organized facilities therefore."   La. R.S. 2009.2(1)(b)(c).

The Court dismisses plaintiff's claims pursuant to La. R.S. 40:2010.6, *et seq.,* with prejudice, as there is no evidence that Northshore Regional Medical Center was a nursing home.

Accordingly, for the reasons stated herein,

**IT IS ORDERED** that Dr. Phillips' motion (Rec. Doc. 18) and Northshore Regional Medical Center's Motion (Rec. Doc. 17) are **GRANTED** in part and **DENIED** in part.

**IT IS ORDERED** that plaintiff's First and Second Counts against Dr. Phillips and Northshore Regional Medical Center are **DISMISSED WITHOUT PREJUDICE**;

**IT IS FURTHER ORDERED** that plaintiff's Fourth Count for Violation of the Protection and Advocacy For Mentally Ill Individuals Act against Dr. Phillips and Northshore Regional Medical Center are **DISMISSED WITH PREJUDICE**;

**IT IS FURTHER ORDERED** that plaintiff's Fifth Count for Violation of the Patients Bill of Rights pursuant to La. R.S. 40:2010.6 *et seq* against Dr. Phillips and Northshore Regional Medical Center are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that all of plaintiff's remaining claims against all defendants are **HEREBY STAYED**;

**IT IS FURTHER ORDERED** that this case is administratively closed, but may be reopened by any party upon the refiling of medical malpractice claims after disposition by a medical review panel or for good cause shown to the Court.

New Orleans, Louisiana, this __15th__ day of August, 2005.

                                                **STANWOOD R. DUVAL, JR.**
                               **UNITED STATES DISTRICT COURT JUDGE**